UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*Electronically Filed*

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK, AS TRUSTEE | ) ) ) | |
| Plaintiff, | ) ) | 3-16-cv-465-DJH |
| vs. | ) | Civil Action No. 16-_____ |
| SAINT CATHARINE COLLEGE, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## VERIFIED COMPLAINT

Comes the Plaintiff, The Huntington National Bank (the "Trustee" or the "Plaintiff"), as Trustee pursuant to the Loan Documents (as that term is defined herein), by counsel, and, for its Complaint against Saint Catharine College, Inc. ("Saint Catharine"), hereby states and alleges as follows:

## PARTIES

1.      The Trustee is a national banking association which maintains its main office at 17 South High Street, Columbus, Ohio, and so is a citizen of the State of Ohio.

2.      Saint Catharine is a Kentucky non-profit corporation with a principal place of business at 2735 Bardstown Road, St. Catharine, Kentucky 40061. The registered agent for service of process for Saint Catharine is Dominican Sisters of Peace Inc., 2645 Bardstown Road, Saint Catharine, Kentucky 40061.

## JURISDICTION AND VENUE

3.      Personal jurisdiction is proper in this Court as the Defendant is a resident of the Commonwealth of Kentucky and amenable to service of process in Kentucky.

4.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332 as this dispute arises among citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest, costs, and attorney's fees.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(a)(2) and Joint Local Rule of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky, Rule 3.1(b)(1) because the property subject to the Loan Documents is located in Washington County, which is in the jurisdiction of the United States District Court for the Western District of Kentucky, Louisville Division.

## GENERAL ALLEGATIONS

6.      The Trustee hereby incorporates all of the paragraphs of this Complaint as if rewritten herein in their entirety.

7.      Saint Catharine has, for the purpose of paying the costs for construction of certain projects and other purposes, authorized the issuance of $9,500,000 City of Springfield, Kentucky Educational Development Refunding and Revenue Bonds (Saint Catharine Project) Series 2004 and participated in the issuance of certificates of participation aggregating $4,360,000 in principal amount, designated Kentucky Area Development Districts Financing Trust Lease Acquisition Program Certificates of Participation, 2008 Series H Evidencing the Proportionate Interests of the Owners Thereof in the Lease of: City of Springfield, Lessee (Saint Catharine College, Inc. Project).

8.      Saint Catharine has, further, for the purpose of financing the costs of constructing a library and other improvements, authorized the issuance of $3,000,000 City of Springfield, Kentucky

Industrial Building Revenue Bonds, Series 2011 (Saint Catharine College, Inc. Project) which bonds have a maturity date of November 1, 2031.

9.      Saint Catharine has, further, for the purpose of financing the costs of the acquisition, construction, installation, equipment, expansion, or renovation of certain educational, academic, and recreational facilities, equipment and infrastructure, including, but not limited to the Emily W. Hundley Library and the Parker Beam Property, among other purposes, authorized the issuance of $5,965,000 City of Springfield, Kentucky Industrial Building Revenue Bonds, Series 2014A (Saint Catharine College, Inc. Project) and $3,675,000 City of Springfield, Kentucky Taxable Industrial Building Revenue Refunding and Improvement Bonds, Series 2014B (Saint Catharine College, Inc. Project) (collectively with the bonds described in the preceding paragraphs, the "Bonds").

10.     Saint Catharine currently owes $24,264,753.60 to the Trustee under the Loan Documents (as defined herein).

11.     Saint Catharine and the Trustee, through assignment from Central Bank & Trust Co. ("Central Bank"), have entered into a Master Trust Indenture, dated November 1, 2004 (the "Master Indenture") (attached hereto as Exhibit 1); a Supplemental Master Trust Indenture No. 1 dated as of November 1, 2004, (the "Supplemental MTI No. 1"); a Supplemental Master Trust Indenture No. 2 dated as of November 1, 2008 (the "Supplemental MTI No. 2"); a Supplemental Master Trust Indenture No. 3 dated as of November 1, 2011 (the "Supplemental MTI No. 3"); and a Supplemental Master Trust Indenture No. 4 dated as of December 1, 2014 (the "Supplemental  MTI No. 4"), in connection with the issuance of the Bonds.

12.     Saint Catharine issued a Note (as defined in the Master Indenture) dated as of November 1, 2004 (the "Series 2004 Master Note") pursuant to the Master Indenture and

Supplemental MTI No. 1 to collateralize its repayment obligations related to the Bonds. The Series 2004 Master Note is attached hereto as Exhibit 2.

13.     Saint Catharine issued a Note (as defined in the Master Indenture) dated November 1, 2008 (the "Series 2008 Master Note") pursuant to the Master Indenture and Supplemental MTI No. 2 to collateralize its repayment obligations on the Bonds. The Series 2008 Master Note is attached hereto as Exhibit 3.

14.     Saint Catharine issued a Note (as defined in the Master Indenture) dated as of November 1, 2011 (the "Series 2011 Master Note") pursuant to the Master Indenture and Supplemental MTI No. 3 to collateralize its repayment obligations related to the Bonds. An execution copy of the Series 2011 Master Note is attached hereto as Exhibit 4.

15.     Saint Catharine issued Notes (as defined in the Master Indenture) dated as of December 18, 2014 (the "Series 2014A Note" and the "Series 2014B Note," and together with the Series 2004 Master Note, the Series 2008 Master Note, and the Series 2011 Master Note, the "Master Notes") pursuant to the Master Indenture and Supplemental MTI No. 4 to collateralize its repayment obligations on the Bonds. An execution copy of the Series 2014A Note is attached hereto as Exhibit 5; an execution copy of the Series 2014B Note is attached hereto as Exhibit 6.

16.     Saint Catharine and the Trustee, through assignment from Central Bank, are parties to a Mortgage, dated as of November 1, 2004 and the supplements thereto (collectively, the "Mortgage") to secure Saint Catharine's repayment of the Notes that are, from time to time, issued pursuant to the Master Indenture and any Supplemental Indenture (as defined in the Master Indenture) (the "Notes"), including without limitation the Master Notes issued pursuant to the Master Indenture, Supplemental MTI No. 1, Supplemental MTI No. 2, Supplemental MTI No. 3, and Supplemental MTI No. 4.  The Mortgage is attached hereto as Exhibit 7.

17.     The Master Indenture, the Notes, and the Mortgage including all amendments, supplements, and modifications thereto, and any other document executed in connection with the Notes and Mortgage and in any way related thereto shall hereinafter be referred to as the "Loan Documents."

18.     The mortgage liens granted to the Trustee by Saint Catharine pursuant to the Mortgage were perfected by the filing of the Mortgage and all supplements thereto in the Office of the Washington County Clerk.

19.     The security interest granted to the Trustee by Saint Catharine on the fixtures associated with Saint Catharine's real property was perfected by the filing of UCC Financing Statements at Book 248, Pages 817 and 819 on November 10, 2011 and at Book 268, Pages 241 and 243 on December 29, 2014. These UCC Financing Statements are attached hereto as Exhibit 8. The full description of the property which Saint Catharine granted to the Trustee pursuant to the filed Financing Statements is attached thereto and is incorporated herein by reference.

20.     The security interest in Saint Catharine's personal property granted to the Trustee by Saint Catharine was perfected by the filing of Financing Statement #2011-2546894-32.01 on November 4, 2011, Financing Statement #2011-2552886-60.01 on December 12, 2011, and Financing Statement #2014-2742964-01.01 on December 31, 2014, all in the Office of the Kentucky Secretary of State (collectively, and with the Financing Statements referenced in Paragraph 19, the "Financing Statements"). These Financing Statements are collectively attached hereto as Exhibit 9. The full description of the property which Saint Catharine granted to the Trustee pursuant to the Financing Statements is attached thereto and is incorporated herein by reference.

21.     To the Trustee's knowledge, the Mortgage and the Financing Statements constitute a good and valid first lien on the collateral described therein.

## COUNT I
## BREACH OF NOTE

22.     The Trustee incorporates by reference the preceding paragraphs as if fully restated herein.

23.     Under the terms of the Master Indenture, it is an Event of Default for Saint Catharine to fail to comply with any covenant contained in the Master Indenture for a period of 30 days after notice is given of the failure to comply with such covenant (*See* Master Indenture at Section 6.01(b)).

24.     Under the terms of the Master Indenture, Saint Catharine covenanted to preserve its existence and to cause its business to be carried on and conducted in an efficient manner. (*See* Master Indenture at Section 5.03(a) and (b)).

25.     Under the terms of the Master Indenture, it is also an Event of Default for Saint Catharine to admit in writing its inability to pay its debts generally as they come due. (*See* Master Indenture at Section 6.01(e)).

26.     Under the terms of the Master Indenture, upon the occurrence of an Event of Default, the Trustee may declare the principal of all outstanding Notes to be immediately due and payable through written notice to Saint Catharine. (*See* Master Indenture at Section 6.01).

27.     Each of the Notes incorporates the Master Indenture's definition of Events of Default and provides that, upon the occurrence of an Event of Default, the principal of all outstanding Notes may be declared due and payable as provided in the Master Indenture.

28.     As of not later than June 1, 2016, Saint Catharine announced to the Trustee and the public that it intends to discontinue its business operations effective July 31, 2016 because it could not meet its debt obligations.

29.     By announcing its intent to cease its business operations due to its inability to meet its obligations, Saint Catharine is in default under the Master Indenture and the Notes.

30.     Pursuant to the terms of the Master Indenture, the Trustee has declared all outstanding Notes, including the Master Notes, in default and accelerated the principal balance of those Notes through written notice to Saint Catharine dated June 13, 2016. The default notice is attached hereto as Exhibit 10.

31.     Pursuant to Sections 6.03 and 6.05 of the Master Indenture, the Trustee is permitted to bring this suit against Saint Catharine for the benefit of the holders of the Notes.

32.      Under the terms of section 6.02 of the Master Indenture, Saint Catharine agreed, upon default, to pay interest to the Trustee at the rate prescribed in the Related Supplemental Indenture (as defined in the Master Indenture) and further agreed to pay the Trustee the costs and expenses of collection, including a reasonable compensation to the Trustee, its agents, its attorneys and counsel, and any expenses incurred by the Trustee other than as a result of its negligence or bad faith.

33.     As a result of its defaults, Saint Catharine owes the Trustee the sum of $24,264,753.60, not including additional interest, penalties, and costs of collection (including attorney's fees and expenses).

34.     The security interests and liens of the Trustee provided by the Notes (including but not limited to the Master Notes), the Mortgage, and the Financing Statements are valid and enforceable against Saint Catharine.

35.     The security interests and liens of the Trustee provided by the Notes (including but not limited to the Master Notes) and the Financing Statements are the superior liens on Saint

Catharine's personal property and all other liens that may exist against the subject personal property are inferior to Saint Catharine's liens described above.

36.     Saint Catharine's personal property cannot be divided without materially affecting its value or the interests of the parties hereto; and therefore, the same should be sold as a whole under proper orders of this Court to satisfy the debt, interest and costs owed to the Trustee under the Notes and the Financing Statements.

37.     The Trustee reserves its right to seek foreclosure of the security interest perfected by its Mortgage in Saint Catharine's real property at a later date.

**COUNT II**
**ENFORCEMENT OF SECURITY INTEREST UNDER UCC**

38.     The Trustee incorporates by reference the preceding paragraphs as if fully restated herein.

39.     That because Saint Catharine has committed an Event of Default under the Master Indenture, the Trustee shall have the remedies of a secured party under the UCC, including gaining immediate possession of all of the personal property subject to the Financing Statements or, in the alternative, in whole or in part, having such personal property included and auctioned with the remainder of Saint Catharine's property.

**COUNT III**
**APPOINTMENT OF RECEIVER**

40.     The Trustee incorporates by reference the preceding paragraphs as if fully restated herein.

41.     Pursuant to the Master Indenture and the Mortgage, the Trustee has the right, upon bringing this action, without notice and without the giving of bond to Saint Catharine, to have a

receiver appointed to all of the property of Saint Catharine pending resolution of this action. (*See* Master Indenture, at Section 6.04; Mortgage, at ¶ 4).

42.    Further, unless a receiver is appointed, the collateral under the Notes (including the Master Notes) and the Mortgage and the Financing Statements is in danger of being lost, removed, or materially injured.

43.    Accordingly, the Trustee is entitled to the appointment of a receiver pursuant to Kentucky law and the Master Indenture, Notes, Financing Statements, and Mortgage.

WHEREFORE, the Trustee demands as follows:

1.    That the Trustee be awarded a judgment against Defendant, Saint Catharine, in the principal amount of $24,264,753.60, plus interest thereon, at the rate set forth in the Related Supplemental Indenture (as defined in the Master Indenture) until the date of the judgment and thereafter at the post-judgment rate of 12% per annum, plus its costs and expenses of collection, including attorneys' fees and costs;

2.    That the liens of the Trustee in Saint Catharine's personal property be adjudged valid and superior liens in and to Saint Catharine's property;

3.    That a Receiver be appointed to take charge of and manage Saint Catharine's property during the pendency of this case;

4.    That the Loan Documents be enforced and, to that end, that the personal property of Saint Catharine (or so much thereof as designated by the Trustee) be sold pursuant to the orders of this Court free and clear of all liens and encumbrances except the lien for current real estate taxes, and that the equity of redemption of Saint Catharine be foreclosed and forever barred.

5.    That in the event any of Saint Catharine's property is sold by orders of this Court, the Trustee's security interests and liens against such property shall attach to the proceeds of the sale

and, following payment of all Court-authorized costs and expenses of said sale, the proceeds shall be applied and the appropriate priority as determined by this Court; and

6.     That the Trustee recover its reasonable attorneys' fees and costs herein expended, together with any and all other legal and equitable relief to which the Trustee may appear entitled.


Respectfully submitted,


/s/ Ellen Arvin Kennedy
Ellen Arvin Kennedy
John M. Spires
Dinsmore & Shohl LLP
250 West Main Street, Suite 1400
Lexington, KY 40507
Phone: (859) 425-1000
Facsimile: (859) 425-1099
ellen.kennedy@dinsmore.com
john.spires@dinsmore.com
*Counsel for Plaintiff,*
*The Huntington National Bank, as Trustee*

## VERIFICATION

I hereby verify that the foregoing Complaint is true and correct to the best of my knowledge

and belief.

THE HUNTINGTON NATIONAL BANK

By: _____

Its: _____

10403698v8